**RECORD NO. 13-4080**

In The

# United States Court Of Appeals
## For The Fourth Circuit

◆

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**WILLIAM WALDEN,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH**

———————

**BRIEF OF APPELLANT**

———————

C. BURELL SHELLA
SHELLA HARRIS & AUS P.C.
2530 Meridian Parkway
Durham, North Carolina 27713
(919) 806-4271

*Counsel for Appellant*

# TABLE OF CONTENTS

                                                **Page**

TABLE AUTHORITIES ...................................................................................... ii

STATEMENT OF JURISDICTION.......................................................................1

NATURE OF APPEAL ..........................................................................................1

ISSUE PRESENTED ..............................................................................................2

STATEMENT OF THE CASE................................................................................2

STATEMENT OF FACTS ......................................................................................2

      I.     FACTUAL BASIS ................................................................................2

SUMMARY OF THE ARGUMENT ......................................................................4

ARGUMENT ..........................................................................................................5

      A.     Standard of Review ..............................................................................5

      B.     Discussion .............................................................................................5

CONCLUSION .......................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396 (1967) ......................................................... 1, 4

*Gall v. United States*,
    522 U.S. 38, 128 S. Ct. 586 (2007) ................................................................ 5

*McCoy v. Wisconsin*,
    486 U.S. 429, 108 S. Ct. 1895 (1988) ............................................................ 4

*Penson v. Ohio*,
    488 U.S. 75, 109 S. Ct. 346 (1988) ................................................................ 4

*United States v. Perez-Pena*,
    453 F.3d 236 (4th Cir. 2006) ..................................................................... 6, 8

*United States v. Raby*,
    575 F.3d 376 (4th Cir. 2009) ......................................................................... 5

*United States v. Seay*,
    553 F.3d 732 (4th Cir. 2009) ..................................................................... 5, 8

*United States v. Shortt*,
    485 F.3d 243 (4th Cir. 2007) ......................................................................... 8

**Statutes:**

18 U.S.C. § 924(a)(2) ............................................................................................ 7

18 U.S.C. § 3553(a) ............................................................................... 5, 6, 7, 8

18 U.S.C. § 3553(a)(1) ......................................................................................... 7

18 U.S.C. § 3553(a)(2)(A) ................................................................................... 7

18 U.S.C. § 3553(a)(2)(B) ................................................................................... 7

18 U.S.C. § 3553(a)(2)(C) ................................................................................... 7

18 U.S.C. § 3742(a) ............................................................................................. 1

21 U.S.C. § 846 ................................................................................................ 1, 2

21 U.S.C. § 924(c) ............................................................................................ 1, 2

28 U.S.C. § 1291 .................................................................................................. 1

## STATEMENT OF JURISDICTION

This is a direct appeal by a defendant in a federal criminal case from the sentence imposed in the United States District Court for the Eastern District of North Carolina following a plea of guilty as to one count of 21 U.S.C. § 846, Conspiracy to Distribute and Dispense and Posses with the Intent to Distribute 500 grams or More of cocaine and, § 924(c) Possession of a sawed off shotgun in furtherance of a drug trafficking crime. Jurisdiction was conferred upon the United States District Court pursuant to 21 U.S.C. §§ 846 and 924(c).

Appellate jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Sentence was imposed by the lower court on January 14th, 2012 and a judgment incorporating that sentence was filed by the court on January 16th 2012.

Notice of appeal was filed by the defendant on February 3, 2012.

## NATURE OF APPEAL

This brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel for the defendant-appellant has determined, after a conscientious examination of the entire record of the case, that Mr. Walden has no meritorious grounds for appeal. Nevertheless, Mr. Walden wishes to appeal his sentence.

1

## ISSUE PRESENTED

Whether Mr. Walden should be re-sentenced due to any abuse of discretion by the trial court.

## STATEMENT OF THE CASE

Mr. Walden appeals from a conviction entered on Jan. 16th, for convictions of one count of 21 U.S.C. § 846 Conspiracy to Distribute and Dispense and Posses with the Intent to Distribute 500 grams or More of cocaine and one count of § 924(c) Possession of a Firearm in furtherance of a drug trafficking crime. Mr. Walden entered a plea of guilty to on October 1, 2012, pursuant to a written Plea Agreement, the defendant **pled guilty to Counts 1 and 2 which charged conduct that concluded on October 7, 2011**. The government and the defendant agree that a downward adjustment of 3 levels for acceptance of responsibility is warranted. The court sentenced the defendant to the statutory minimums of 120 month on count one and 60 months consecutive on count 2.

## STATEMENT OF FACTS

### I.   FACTUAL BASIS

On October 7, 2011, officers from the Smithfield Police Department, Smithfield, North Carolina, were dispatched to a location in an attempt to apprehend a wanted individual. As an officer was patrolling the area of the suspect's last known whereabouts, the officer saw **WILLIAM WALDEN**, whose

2

clothing matched the description of the wanted individual, and another individual on the front porch of 210 E. Crestview Drive. As the officer pulled up to the residence, **WALDEN** immediately entered the residence. Upon existing the patrol vehicle, the officer smelled a strong odor of marijuana. During this time, another officer positioned himself at the rear of the residence and encountered **WALDEN** as he existed the rear of the residence. **WALDEN** dropped **51.02 grams of cocaine base** and a half burnt marijuana blunt behind the door. **WALDEN** was taken into custody and officers seized **8 grams of marijuana** and $1,199 in United States currency from his person.

The officers met with **WALDEN's** grandparents who consented to a search of their residence. Prior to searching **WALDEN's** bedroom, the grandparents removed **WALDEN's** two children, ages 1 and 2, from the room. During the search, officers seized a **20 gauge sawed off shotgun**, with a 13.5" barrel length and a 21" overall length, 7 shotgun shells, 38 .32 caliber bullets, **1.1 gram of cocaine base**, **15.7 grams of marijuana**, two digital scales, other items indicative of the narcotics trade, and $31.90 in United States currency. **WALDEN** was arrested on drug and firearms charges, and charges of child endangerment. The officers determined that **WALDEN** was not the wanted individual the officers were originally attempting to locate.

On January 26, 2012, **WALDEN** provided an unprotected statement indicating that he was "holding" cocaine base on his person when police arrived at his residence. **WALDEN** also indicated that the shotgun was his and that he had purchased it from an individual in 1998 or 1999. **WALDEN** stated that during 2011 he sold cocaine base for an individual on 13 or 14 occasions. **WALDEN** reported that when the individual was out of town he would call **WALDEN** instructing **WALDEN** to obtain cocaine base from his apartment and sell the cocaine base to buyers. **WALDEN** did not provide any details of the amounts of cocaine base he sold, but revealed the largest quantity that he sold for the individual was 1 to 2 grams of cocaine base (**1 gram of cocaine base).**

## SUMMARY OF THE ARGUMENT

This brief is submitted to the Court pursuant to the decision rendered in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895 (1988), and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988).

Counsel for Mr. Walden has determined, after a conscientious examination of the entire record in this case, that Mr. Walden has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill the appellant's desire to pursue an appeal of his active sentence of 180 months due to abuse of discretion by the trial court in the rendition of its sentence.

# ARGUMENT

### A.   Standard of Review

Sentencing courts have discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guidelines range or without. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009)(citing *Gall v. United States*, 522 U.S. 38, 128 S. Ct. 586, 598 (2007)). The district court's sentence is reviewed for reasonableness under an abuse-of-discretion standard. *United States v. Seay*, 553 F.3d 732, 742 (4th Cir. 2009). The sentence in this case is at the absolute statutory minimum.

### B.   Discussion

A district court must engage in a multi-step process prior to imposing a sentence. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the Guideline range. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as

5

necessary.[1] *United States v. Perez-Pena*, 453 F.3d 236, 241 (4th Cir. 2006)(Internal citations omitted).

A sentence outside the advisory guideline range is reviewed for whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range.

---

[1] 18 U.S.C. § 3553(a) provides in pertinent part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed-
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > > (B) to afford adequate deterrence to criminal conduct;
> > > (C) to protect the public from further crimes of the defendant; and
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > (3) the kinds of sentences available;
> > (4) the kinds of sentence and the sentencing range established for-
> > > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[...]
> >
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

*Id*. If a district court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory guideline range, the sentence will be found unreasonable and vacated. *Id*.

In Mr. Waldens's case, the trial court, however, imposed a sentence within the statutory requirements because he had no discretion to impose a sentence lesser than what congress has imposed in law for these crimes:

- The nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1).

- The seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

- To afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

- To protect the public for further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

(JA 87). In support of the above-referenced sentencing factors, court specifically found:

> A sentence of 180 months imprisonment was sufficient, but that the court had no discretion to find a sentence below the mandatory statutory sentencing guidelines.

(JA 26) (*See* JA 22-26) (Trial court's in-court findings). The trial court imposed a sentence at the high end of the Guideline range that was the statutory maximum of 11 months, (*see* 18 U.S.C. § 924(a)(2)) and addressed the factors of 18 U.S.C. §

7

3553(a). *Perez-Pena*, 453 F.3d at 241. A sentence which was twice the top-end of the Guideline range of imprisonment has been upheld by this Court. *United States v. Shortt*, 485 F.3d 243, 244 (4th Cir. 2007). It therefore appears that the trial court in Mr. Walden's case neither abused its discretion by imposing a term of imprisonment at the bottom of the Guideline range prescribed by the Sentencing Guidelines. *See Seay*, 553 F.3d at 742 (Standard of Review) instead of sentencing him to probation.

## **CONCLUSION**

Undersigned counsel is presenting this brief to the Court, requesting that this court reverse and remand this case for a new sentencing consistent with the court's finding in this case.

Respectfully submitted, this 10th day of May 2013.

/s/ Christopher B. Shella, Esq.
C. Burell Shella, Esq.
NC Bar # 33552
2530 Meridian Pkwy
Durham NC 27713
(919) 806-4271

*Counsel for Appellant*

8

# **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,696</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                                                /s/ Christopher B. Shella, Esq.
                                                C. Burell Shella, Esq.

                                                *Counsel for Appellant*

Dated: May 10, 2013

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 10, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> OFFICE OF THE
>    UNITED STATES ATTORNEY
> Federal Building, Suite 800
> 310 New Bern Avenue
> Raleigh, North Carolina  27601
> (919) 856-4530
>
> *Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

> William Walden, Inmate No. 20714-075
> USP MCCREARY
> U.S. PENITENTIARY
> P.O. Box 3000
> Pine Knot, Kentucky  42635

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

> /s/ Melissa A. Dockery
> Melissa A. Dockery
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street, Suite 230
> Richmond, Virginia  23219